UNITED STATES of America,
Plaintiff—Appellee,

v.

Julio David MARINEZ–REYES, also
known as Julio David Marinez,
Defendant—Appellant.

No. 01–2773.

United States Court of Appeals,
Eighth Circuit.

Submitted: Jan. 15, 2002.

Filed: March 7, 2002.

Before LOKEN, RICHARD S.
ARNOLD, and MURPHY, Circuit Judges.

PER CURIAM.

Julio David Marinez–Reyes appeals his conviction for conspiracy to possess and possession with intent to distribute cocaine, arguing the trial evidence was insufficient to convict. We affirm.

Marinez–Reyes was the passenger in an automobile stopped on eastbound I–70 for erratic driving. Missouri Highway Patrol Officer Rex Scism gave the driver a citation for driving without a license and Marinez–Reyes a citation for allowing the driver to operate Marinez–Reyes's vehicle without a license. Marinez–Reyes then consented to a search of the vehicle. When Officer Scism shook the rear passenger door, he could feel and hear something inside. Suspecting contraband, he began to remove the door panel. Marinez–Reyes and the driver then ran "at a dead sprint" into a nearby wooded area. Scism called for back-up, then returned to the car and removed the door panel. Two duct-tape-wrapped bundles fell to the highway. Scism later found two similarly-wrapped bundles inside the driver's side rear door. The four bundles contained nearly two kilograms of cocaine. Meanwhile, a patrolling aircraft flushed Marinez–Reyes from the woods, and he was arrested. When asked by Officer Scism why he was transporting drugs, Marinez–Reyes answered that he was desperate for money and the driver was paying him $3,000. A store receipt for duct tape was found in Marinez–Reyes's wallet. In addition, an internet map with directions from a street address in Reading, Pennsylvania, to a street address in Puente, California, was found in the back seat of the car; the driver and Marinez–Reyes told Officer Scism they had been visiting friends or skiing in Colorado.

This evidence was sufficient to convict Marinez–Reyes of possession with intent to distribute the four bundles of cocaine

**654**

found in his rented car, and of the conspiracy charge. Marinez–Reyes relies on our decision in *United States v. Pace*, 922 F.2d 451 (8th Cir.1990), but there was far more evidence of knowing constructive possession in this case—the car was rented by Marinez–Reyes; a receipt for duct tape was found in his wallet; he fled just before Officer Scism found two bundles of cocaine; and he made incriminating post-arrest admissions.

The judgment of the district court is affirmed.